IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MATHEW CUMMINGS, | Civil Action No.: |
| Plaintiff, | |
| vs. | |
| CONN'S, INC., | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff Mathew Cummings ("Plaintiff"), by and through the undersigned counsel, as and for his Complaint against the Defendant Conn's, Inc. (hereinafter "Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. §227, *et seq*, the Telephone Consumer Protection Act ("TCPA") the similar state law, Tex. Bus. & Com. Code § 305.053, and the Texas Debt Collection Act ("TDCA"), Chapter 392 Tex. Fin. Code.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). *See also*, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

5.     Plaintiff is a natural person who resides in the State of Texas, County of Parker, and City of Springtown.

6.     Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1).

7.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "consumer debt" from Plaintiff, as defined by Tex. Fin. Code § 392.001(2) with its principal executive office located at 4055 Technology Forest Blvd, Suite 210, The Woodlands, Texas, 77381.

8.   Defendant at all times acted by and through one or more agents.

9.   Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

10.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11.    Plaintiff is allegedly obligated to pay a debt to Defendant.

12.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes ("the alleged debt").

13.     On or about April 10, 2015, Defendant began placing telephone calls to Plaintiff's cellular telephone number in effort to collect the alleged debt utilizing an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

14.     On or about April 13, 2015, Plaintiff communicated with Defendant via telephone about Defendant's harassing calls and verbally asked Defendant to stop calling.

15.     Subsequently on April 13, 2015, Plaintiff faxed Defendant a written cease and desist letter demanding no more calls to his cellular telephone number 281-xxx-9624.

16.     Plaintiff faxed his cease and desist letter to Defendant at 877-404-2431.

17.     Plaintiff confirmed with Defendant's customer service representative "Brooke" that 877-404-2431 was a valid fax number for Defendant prior to faxing his cease and desist letter.

18.     Despite the foregoing, Defendant continued to call Plaintiff at an annoying and harassing rate.

19.     Defendant called Plaintiff approximately 206 times between April 13 and June 10, 2015.

20.     Defendant caused to be sent to Plaintiff's cellular phone two (2) text messages using an ATDS after Plaintiff's cease and desist on April 16 and April 23, 2015.

21.     Defendant called Plaintiff an average of more than 5 times a day, sometimes calling as much as 9 times in a single day.

22.     Plaintiff repeatedly receives these unwanted calls at his place of employment and at least one co-worker has witnessed Plaintiff begging Defendant to stop calling and state that Plaintiff is at work.

23.     When Defendant would call Plaintiff, it often delivered a message using an artificial or pre-recorded voice.

24. On information and belief, all of the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

25. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

26. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

27. On information and belief, Defendant placed the telephone calls identified above voluntarily.

28. On information and belief, Defendant placed the telephone calls identified above under its own free will.

29. On information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place telephone calls to Plaintiff.

30. On information and belief, Defendant intended to use an automatic telephone dialing system to place telephone calls to Plaintiff.

31. On information and belief, Defendant maintains business records that document all telephone calls placed to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Plaintiff never provided his cellular telephone number to Defendant and never provided his consent to be contacted on his cellular telephone.

34. Alternatively, any prior express consent Defendant claims it may have had was unequivocally revoked on or about April 13, 2015.

35. Without prior express consent Defendant contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendant continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

37. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Defendant's telephone system has the capacity to store numbers in a random and sequential manner.

40. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

   **WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding other and further relief as this Court may deem just and proper.

## COUNT II
## TEX. BUS. & COM. CODE § 305.053

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227;

b) Enjoining Defendant from continuing its violative behavior, pursuant to Tex. Bus. & Com. Code § 305.053(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to Tex. Bus. & Com. Code § 305.053(b);

d) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 305.053(b);

    e) Awarding Plaintiff treble damages, pursuant to Tex. Bus. & Com. Code § 305.053(c);

    f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## TEX. FIN. CODE § 392.302(4)

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant violated Tex. Fin. Code § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

    **WHEREFORE**, Plaintiff Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Tex. Fin. Code § 392.302(4);

    b) Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

    c) Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to Tex. Fin. Code § 392.403(b);

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

46.     Plaintiff demands a trial by jury on all issues so triable.

Dated:          June 15, 2015

                                                Respectfully Submitted,

                                                /s/ Seth P. Crosland
                                                Seth P. Crosland, Esq.
                                                Crosland Law Firm
                                                Texas Bar # 24069551
                                                12225 Greenville Avenue, Suite 700
                                                Dallas, TX 75243
                                                Telephone: 214-810-5401
                                                Email: seth@scroslandlaw.com
                                                Attorney for Plaintiff Mathew Cummings

                                                On Behalf of:
                                                Law Offices of Michael Lupolover, P.C.
                                                120 Sylvan Avenue, Suite 300
                                                Englewood Cliffs, NJ 07632
                                                Telephone: 201-461-0059
                                                Fax:       201-608-7116
                                                Email: allison@lupoloverlaw.com